AO 91 (rev.11/11) Criminal Complaint

AUTHORIZED AND APPROVED DATE: s/Tiffany Edgmon 09/03/2024

# United States District Court
for the

WESTERN DISTRICT OF OKLAHOMA

United States of America )
v. )
 )  Case No: MJ-24-657-STE
JASPER REED, )

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of April 27, 2024, and May 8, 2024, and in the county of Oklahoma, in the Western District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1111 and 7(3) | Murder in the Second Degree, |
| 18 U.S.C. § 113(a)(6) and 7(3) | Assault Resulting in Serious Bodily Injury |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent, John Krawczyk, Federal Bureau of Investigation, which is incorporated and made a part hereof by reference.

☒ Continued on the attached sheet.

_____
Complainant's signature
John Krawczyk
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Date: **Sep 3, 2024**

_____
Judge's signature

City and State: Oklahoma City, Oklahoma

SHON. T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

**WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY, OKLAHOMA**

STATE OF OKLAHOMA          )
                           )
COUNTY OF OKLAHOMA         )

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, John Krawczyk, Special Agent with the Federal Bureau of Investigations (FBI), being duly sworn, depose and state as follows:

### EXPERIENCE AND TRAINING

1. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code (U.S.C.), Section 2510 (7), and am empowered by law to conduct investigations of and to make arrests for offenses as set forth in Title 21, U.S.C., Section 846.

2. I am a Special Agent with the FBI and have been such since April 2023. I have been assigned to the Oklahoma City Division of the FBI – Violent Crimes Squad where, among other matters, I investigate United States Code Title 18 violations including those presented herein this complaint.

3. This Affidavit is being submitted in support of a Complaint charging **REED** with the crimes of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C 113(a)(6) and 7(3), and Murder in the Second Degree, in violation of 18 U.S.C. 1111(a) and 7(3). I submit probable cause exists to believe **REED** murdered the victim, **R.P.**, and assaulted another victim, **T.R.**, resulting in serious injury to **T.R.**, while being housed at

1

the Federal Transfer Center located in Oklahoma City, Oklahoma.

## SUMMARY OF INVESTIGATION

4.    On April 27, 2024, inmate **Jasper REED** was being housed at the Federal Transfer Center ("FTC") located at 7410 S MacArthur Blvd., Oklahoma City, Oklahoma. FTC is in the Western District of Oklahoma and sits on land acquired for the use of the United States and under the concurrent jurisdiction thereof.

5.    On this date, **REED** was housed in a cell with **T.R.**[1] At approximately 4:35p.m. a corrections officer observed **REED** lying on top of **T.R.** with both hands around RYE's neck. The officer also observed blood on both inmates as well as the cell floor. The officer gave both inmates verbal orders to submit, but neither complied. Oleoresin Capsicum spray was deployed but did not gain compliance either. The cell door was opened, and officers were able to place **REED** into hand restraints.

6.    Upon entry into the cell, Senior Officer J. Seely observed **T.R.** in his boxers, with his head rested on a window seal ledge where he appeared to be unresponsive and not breathing. An attempt to check for a pulse was made, but Officer Seely did not feel one, nor did he see a rise and fall of **T.R.'s** chest. As soon as **T.R.** was removed from the cell, he took a deep breath and became conscious.

7.    **REED** was evaluated at the medical exam room and cleared with no injuries observed. **T.R.** was taken to a local hospital and evaluated for his serious injuries. **T.R.**

---

[1] **REED** is currently serving a sentence for Felon in Possession of a Firearm.

was found to have the following facial fractures: nasal bone, orbital bone, maxillary sinus anterior wall, maxillary sinus lateral wall, and hyoid bone.

8.      On April 30, 2024, **REED** made a statement to Officer J. Hanes saying, "I am the next up and coming, I am one bad mother fucker. I am 505, and this whole prison is going to know my name before I leave. You just keep putting other inmates in my cell and you will find out." Other attempts were made by FBI to interview **REED**, but he refused. **T.R.** advised in an interview that he did not know why **REED** attacked him, other than that statement, **T.R.** has not been cooperative in the investigation.

9.      Following the assault, **REED** was eventually housed with another inmate, **R.P.** On May 7, 2024, R.P. arrived at the FTC and on May 8, 2024, **REED** was released from increased observation and placed in a cell with **R.P.** **REED** and **R.P.** were the only two inmates in this cell. On May 8, 2024, at approximately 10:27p.m., an officer making rounds observed **R.P.** lying on the floor of the cell. The officer immediately radioed in an emergency. When other officers arrived, they safely removed **REED** from the cell and provided medical aid to **R.P.** while awaiting an ambulance. At approximately 11:04 pm., life-saving measures were ceased. **R.P.** was pronounced deceased.

10.     On May 9, 2024, an autopsy was performed on **R.P.** and the medical examiner determined the cause of death to be homicide by manual strangulation. There were fractures to both the thyroid and hyoid bones and severe hemorrhaging of the chest not due to cardiopulmonary resuscitation.

11.  N.O. was interviewed on May 10, 2024. N.O. was housed in a cell next to **R.P.** and **REED**. N.O. advised at approximately 8:00p.m. on May 8, 2024, he heard what he described as sounds of an altercation occurring in the cell occupied by only **R.P.** and **REED**. The sounds only occurred for a few minutes and then stopped.

## CONCLUSION

12.  Based on the above-mentioned facts, I submit there is probable cause to believe **REED** violated 18 U.S.C. 113(a)(6) and 7(3)—Assault Resulting in Serious Bodily Injury, and 18 U.S.C. 1111(a) and 7(3)—Murder in the Second Degree.

FURTHER, YOUR AFFIANT SAYETH NOT.

_____
John Krawczyk, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me on this 3rd day of September, 2024.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

4